UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GARY BARNES,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM MAVITY, and<br>INSURANCE CARRIER,<br><br>    Defendants. | Civil No. 10-3950 (DSD/JJK)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

I. BACKGROUND

Plaintiff commenced this action by filing a complaint seeking relief for alleged legal malpractice by Defendant William Mavity. The complaint indicates that Defendant Mavity is an attorney who represented Plaintiff in a prior legal dispute involving the City of Coon Rapids, Minnesota. Although Plaintiff allegedly had "a strong case," he apparently did not obtain the relief he was seeking. Plaintiff claims that Defendant Mavity committed numerous legal errors while representing Plaintiff's interests in the case involving the City of Coon Rapids.

Plaintiff is now attempting to sue Defendant Mavity and his "Insurance Carrier" for "negligence" and "malpractice." Plaintiff is seeking compensatory damages for three cases that he allegedly "lost," "due to damage done by Mavity." (Complaint, p. 4.)

Plaintiff's complaint does not identify any grounds for federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8,[1] and the Court cannot independently discern any basis for subject matter jurisdiction in this action. The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

In this case, it is readily apparent that there are no grounds for federal subject matter jurisdiction. The complaint expressly states that Plaintiff is seeking relief based on Defendant's alleged negligence and legal malpractice, which are purely state common law tort theories. Therefore, jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

---

[1] Rule 8(a) requires that every complaint filed in federal court must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

2

It is also evident that subject matter jurisdiction does not exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332. The complaint, as well as the accompanying "Civil Cover Sheet," clearly indicate that both Plaintiff and Defendant Mavity are residents of Minnesota. Therefore, subject matter jurisdiction cannot be predicated on diversity of citizenship.[2]

Because it clearly appears that there are no grounds for federal subject matter jurisdiction in this case, Plaintiff's current complaint cannot be entertained in federal court. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[3]

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

---

[2] Plaintiff has not provided the name of the "Insurance Carrier" that he apparently is attempting to sue in this case, nor has he indicated the residence of that Defendant. However, even if the "Insurance Carrier" is not a resident of Minnesota, the complete diversity required by 28 U.S.C. § 1332 does not exist in this case, because at least one Defendant, (namely Defendant Mavity), resides in the state in which Plaintiff resides.

[3] The Court's recommendation does not necessarily signify that Plaintiff has no actionable claim for relief; it simply means that he will have to pursue his claims in state court, rather than federal court. It is doubtful, however, that Plaintiff's current complaint could survive preliminary review even in state court, because he has done such a poor job of describing his claims. Plaintiff is strongly encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.

2. This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated: September 20, 2010

        s/ Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 4, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.